1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ALFRED MALIT,                          Case No.   2:21-cv-01228-JAM-JDP (HC)

11              Petitioner,                  FINDINGS AND RECOMMENDATIONS
                                             THAT RESPONDENT'S MOTION TO
12        v.                                 DISMISS BE GRANTED

13   PAUL THOMPSON,                          OBJECTIONS DUE IN FOURTEEN DAYS

14              Respondent.                  ECF No. 6

15

16        Petitioner Alfred Malit, a federal prisoner, filed a petition for a writ of habeas corpus

17   under 28 U.S.C. § 2241.  ECF No. 1.  He argues that he is entitled to release under the First Step

18   Act of 2018 ("FSA").  *Id.* at 2.  Respondent has filed a motion to dismiss, ECF No. 6, and

19   petitioner has filed an opposition, ECF No. 7.  Respondent has not filed a reply, and the deadline

20   for doing so has passed.  For the reasons stated below, I recommend that respondent's motion be

21   granted.

22        No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F.

23   Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically

24   provided for in the rules but must be inferred from their structure and the Advisory Committee

25   Notes.").  Following an approach taken by other courts in this district, I conclude that Rule 4 of

26   the Rules Governing Section 2254 Cases is the proper analytical framework for a motion to

27   dismiss a section 2241 petition.  *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB,

28   2017 U.S. Dist. LEXIS 85123 at *4 (E.D. Cal. 2017).  Under Rule 4, I evaluate whether it

                                             1

"plainly appears" that the petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

As stated above, petitioner argues that he is entitled to early release credits under the FSA. He contends that if his credits were properly applied, he would be scheduled for release on February 10, 2022.  ECF No. 1 at 10.  In accordance with this updated release date, petitioner argues that respondent should have already placed him in a Residential Drug Abuse Program, the completion of which is a prerequisite for early release.  Respondent raises various arguments in favor of dismissal, the most compelling of which is petitioner's failure to exhaust administrative remedies before filing this petition.  Even if exhaustion were excused, however, dismissal of the petition would still be appropriate based on want of ripeness.

Federal prisoners, like their state counterparts, are required to exhaust administrative remedies before filing habeas petitions.  *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986).  Petitioner acknowledges that he failed to do this, but argues that his non-exhaustion should be excused because attempting to exhaust his remedies would have been futile in the face of established Bureau of Prisons Policy.  ECF No. 1 at 2.  He also contends that exhaustion is not required where his claims turn solely on issues of statutory construction.  *Id.*  Finally, he argues that he would suffer irreparable harm if he were required to exhaust insofar as completing the exhaustion process would delay the filing of his petition by as much as a year.  *Id.* at 3.[1]  Other judges in this district have rejected these arguments, however, and required federal prisoners to exhaust their FSA-related claims.  *See Hand v. Merlak*, No. 1:19-cv-01144-SAB-HC, 2020 U.S. Dist. LEXIS 104271, *10 (E.D. Cal. 2020) ("Given that Petitioner did not provide the BOP an opportunity to consider his ETC claims through the administrative remedy system, the BOP has not denied Petitioner relief based on official BOP policy . . . ."); *see also Matecki v. Thompson*, No. 2:21-CV-0268-WBS-DMC-P, 2021 U.S. Dist. LEXIS 113102, *8-9 (E.D. Cal. 2021); *Smallwood v. Thompson*, No. 2:21-CV-0641-JAM-DMC-P, 2021 U.S. Dist. LEXIS 213117, *8-9

---

[1] Petitioner repeats these arguments in his opposition to the motion to dismiss.  ECF No. 7 at 12-14.

1   (E.D. Cal. 2021) ("Petitioner's claim of excuse from the requirement to exhaust for futility

2   (challenge to BOP policy) and for irreparable injury are without merit. These excuse claims in the

3   context of so-called advanced application of ETC credits under the FSA are erroneous.").

4        Additionally, petitioner's claims, even if they were exhausted (or excused from

5   exhaustion), are not ripe.  Congress provided the Bureau of Prisons until January 2022 to phase in

6   the FSA's programming to reduce recidivism.  *See* 18 U.S.C. § 3621(h)(2).  As Judge Cota

7   explained in the recently decided *Mulholland v. Thompson*, "[u]ntil that time, [p]etitioner cannot

8   establish a live case or controversy upon which this Court can be called upon to pass judgment.

9   Similarly, because the phase-in period has not expired, [p]etitioner can only speculate as to what

10  the [Bureau of Prisons] may or may not do in his case."  No. 2:21-CV-0374-WBS-DMC-P, 2021

11  U.S. Dist. LEXIS 162929, *6 (E.D. Cal. 2021).

12       For the foregoing reasons, I recommend that Respondent's motion to dismiss, ECF No. 6,

13  be granted and the petition be dismissed without prejudice.

14       These findings and recommendations are submitted to the U.S. district judge presiding

15  over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the

16  service of the findings and recommendations, the parties may file written objections to the

17  findings and recommendations with the court and serve a copy on all parties.  That document

18  must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The

19  presiding district judge will then review the findings and recommendations under 28 U.S.C.

20  § 636(b)(1)(C).

21  IT IS SO ORDERED.

22

23  Dated:    December 13, 2021
                                                    _____
24                                                  JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE
25

26

27

28

                                            3